**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:  Chapter 13 No. DK-08-02275
Annette Kay Poehlman
                  Debtor.  Hon. Scott W. Dales
_____/

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3)

Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns with US Bank, N.A. as servicer for lender, by and through its attorneys, Trott & Trott, P.C., having filed a Motion For Relief From The Automatic Stay with respect to the property located at 11307 E Cd Ave, Richland, MI 49083-9327; and the approximate market value of the property is $220,000.00; and the current debt owing is approximately $177,359.81, which includes Movant's Attorney fees and costs for filing this Motion; and any surplus on the sale of this property shall be distributed pursuant to applicable state law and procedures; and any deficiency on the sale of this property shall be treated as an unsecured debt; and the Court being in receipt of the Motion, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Automatic Stay is hereby terminated as to Movant with respect to the property located at 11307 E Cd Ave, Richland, MI 49083-9327 to allow Creditor to commence or continue its federal and/or state law rights to the property.  In the event Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period.  A Chapter 7 Trustee may have the same rights and defenses as Debtor(s) should Creditor seek to shorten the redemption period. Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement.  The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.  Any such agreement shall be non-recourse unless included in a reaffirmation agreement.  This Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

**END OF ORDER**